IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO:

ALTMAN-GLENEWINKEL CONSTRUCTION,
LLC a Florida limited liability company,

      Plaintiff,

v.

AMERISURE  INSURANCE COMPANY, a Foreign
profit corporation, and COMMERCE & INDUSTRY
INSURANCE COMPANY, a Foreign profit
corporation,

      Defendants,

_____/

## COMPLAINT

Plaintiff, ALTMAN-GLENEWINKEL CONSTRUCTION, LLC, a Florida limited liability company ("AGC"), by and through undersigned counsel, Peckar & Abramson, P.C., hereby sues Defendants, AMERISURE INSURANCE COMPANY ("Amerisure") and COMMERCE & INDUSTRY INSURANCE COMPANY ("Commerce"), collectively known as the Defendants or  "Insurance Companies", and in support thereof alleges:

## PARTIES JURISDICTION AND VENUE

1.      This is an action for declaratory judgment pursuant to 28. U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, and for damages that exceed $75,000.00, exclusive of costs, interest and attorneys' fees.

2.      At all times material hereto, AGC was and is a Florida limited liability company authorized to and doing business in Palm Beach County, Florida. AGC is in the business of general contracting wherein AGC oversees and manages the construction of construction projects throughout the State of Florida.

3.      Upon information and belief, Amerisure is a corporation which maintains its principal place of business in the State of Michigan. Amerisure is an insurance company which collects premiums in exchange for its agreement to provide defense and coverage to its applicable insured.

4.      Upon information and belief, Commerce is a corporation which maintains its principal place of business in the State of New York. Commerce is an insurance company which collects premiums in exchange for its agreement to provide defense and coverage to its applicable insured.

5.      Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. §1332, because AGC,   Amerisure and Commerce are all citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      Venue is proper in the Southern District of Florida because the causes of action alleged herein arose in the Southern District of Florida.

7.      All conditions precedent to bringing the instant action have been performed, excused or waived.

8.      AGC retained the law firm of Peckar & Abramson, P.C. to prosecute this action and is obligated to pay its attorneys' fees.   AGC is entitled to recovery its attorney's fees and

costs from the Defendants in this action pursuant to the Subject Policies and applicable Florida law and, as such, AGC seeks the recovery of its attorney's fees and costs from the Defendants.

## **GENERAL ALLEGATIONS**

9.      The Altis at Fairway Commons is a project that when completed will serve as a residential community, and is located at 5500 North Military Trail, Boca Raton, Florida ("Project").

10.      AGC served as the general contractor of the Project pursuant to its contract with the Owner of the Project.

11.      On or about December of 2015, AGC entered into a subcontract agreement ("Agreement") with Orange & Blue Construction, Inc. (O&B"), pursuant to which O&B agreed to provide concrete/masonry shell-related labor, services, and/or materials for it to serve as the subcontractor on the Project ("Work").  A copy of the Agreement is attached hereto as **Exhibit "A**."

12.      Pursuant to the Agreement, O&B was required to maintain general commercial liability insurance for all of its scope of work at the Project and to name AGC as an additional insured on the insurance policies.

13.      In response to the requirements of the Agreement, O&B procured general commercial liability coverage through a policy issued by Amerisure, policy # GL20424991001, naming AGC as an additional insured, and an umbrella policy,  issued by Commerce, policy #BE0864645446, also naming AGC as an additional insured (hereinafter referred to as the "Subject Policies"). The certificate of insurance evidencing said coverage is attached hereto as

Exhibit "B."   Despite AGC's prior statutory demands for the Subject Policies from the Defendants, and from O&B, it does not have a copy of same but will request the Subject Policies in the discovery of this matter.

14.   By virtue of being named an as an additional insured on the Subject Policies, AGC is entitled to coverage from Amerisure and Commerce for  damages arising from O&B's defective and deficient work.

15.   O&B failed to properly perform its Work on the Project free from defects and/or deficiencies, including but not limited to, its failure to properly install the concrete balconies on the Project ("Deficient Concrete Balconies").  Despite timely and legal demand, O&B failed to correct its defective work.

16.   As a direct and proximate cause of the deficiencies in O&B's work, there was and is resulting damage to other property to which the Subject Policies apply.  This damage includes, but is not limited to: (i) damages to the stucco and painting work; (ii) damages to Project unit tiles and flooring finishes; and (iii) water intrusion damaging the rebar installed on the Project.

17.   On or about June 1, 2017, the undersigned sent a letter ("Demand Letter") to the Insurance Companies notifying them of O&B's defective work and demanding that the Insurance Companies "discharge all of [their] obligations to AGC, who is an additional insured under the Policies." A copy of the Demand Letter is attached hereto as Exhibit "C."

18.   The Insurance Companies have failed to fulfill their obligations to AGC by failing to compensate it as a result of the damages incurred by the deficient Work performed by O&B.

In fact, as of the date of this Complaint, the Insurance Companies have yet to respond to the Demand Letter.

## COUNT I
## ACTION FOR DECLARATORY RELIEF

19.     AGC re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 18, as if fully set forth herein.

20.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

21.     A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to the Subject Policies.

22.     As a result of the Insurance Companies' failure to reimburse AGC for any and all resulting property and other damage incurred as a result of O&B's deficient Work, AGC has suffered and continues to suffer damages including, but not limited to, remediation costs relating to the deficient Work, all costs incurred in investigating and prosecuting its claim against O&B, as well the costs associated with demanding that the Insurance Companies discharge their obligations to AGC.  The Insurance Companies are obligated to reimburse AGC for all expenses incurred as a result of their refusal to compensate AGC, including its attorney's fees and costs.

23.     AGC has the right to seek judicial construction of the Subject Policies, as well as a determination that the Insurance Companies are obligated to reimburse AGC for all the damages incurred by AGC due to O&B's deficient Work.

24.     As a result of the Insurance Companies' failure to sufficiently discharge their coverage obligations to AGC, AGC continues to incur costs, including but not limited to, attorneys' fees and other consultants' fees, for which it seeks to recover.

WHEREFORE, Plaintiff, AGC requests the Court to enter declaratory judgment against Defendants, Amerisure and Commerce, construing the Subject Policies and determining that the Insurance Companies owe AGC all resulting property and other damage caused by O&B's deficient Work, costs incurred to prosecute the claim asserted against O&B, declaring AGC's rights under the Subject Policies, awarding AGC its attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

25.     AGC re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 18, as if fully set forth herein.

26.     Under the terms of the Subject Policies, the Insurance Companies are required to compensate AGC for the resulting property damage incurred by AGC as a result of O&B's defective Work.

27.     Despite demand, the Insurance Companies have failed to compensate AGC for its damages resulting from O&B's defective Work.  This is a breach of the Insurance Companies' duties under the Subject Policies.

28.      As a result of the Insurance Companies' failure to compensate AGC for its damages stemming from O&B's defective Work, AGC has suffered and continues to suffer damages in excess of $75,000.00.  The Insurance Companies are obligated to reimburse AGC for

all expenses incurred and damages suffered as a result of their refusal to reimburse AGC and material breaches of the terms of the Subject Policies.

WHEREFORE, Plaintiff, AGC demands judgment for damages against Defendants, Amerisure and Commerce, for all damages, interest, costs, and attorneys' fees, and for such other further relief as this Court deems just and proper.

## Demand for Attorneys' Fees

Plaintiff, AGC, has been required to retain the law firm of Peckar & Abramson, P.C. to represent it in this action, and is obligated to pay a reasonable fee for these services. AGC is entitled to an award of attorneys' fees pursuant to the terms of the Subject Policies, §627.428, Fla. Stat. (2016) and other relevant Florida law.

## Demand for Jury Trial

A Jury Trial is hereby demanded in the instant action.

**DATED** on this 6th day of October, 2017.

PECKAR & ABRAMSON, P.C.
*Attorneys for Altman-Glenewinkel Construction*
One Southeast Third Avenue
Suite 3100
Miami, FL  33131
Telephone:  305-358-2600
Facsimile:  305-375-0328

By:  */s/ Freddy X. Muñoz*
    Adam P. Handfinger
    Florida Bar No.:  636142
    ahandfinger@pecklaw.com
    Freddy X. Muñoz
    Florida Bar No.: 108242
    fmunoz@pecklaw.com

Peckar & Abramson, P.C.